Mr. Justice Wylie
delivered the opinion of the court.
Our married woman’s act of 1869 declares that a married woman may contract as a feme sole in regard to any matter relating to her separate estate, and the question in this case is whether the purchase by a married woman of furniture for a house forming her separate estate is such a contract as relates to that estate. We think that it is. A woman who owns a farm, if she lives on it herself, may stock it. If she finds that she can rent it to better advantage by stocking it than by renting it without the stock, we think it is such an incident to the farm as would enable her to buy stock for that purpose. Under a similar statute in New Hampshire, just such a case has been cited by the plaintiff".
The house in question was in this city and was the property of the defendant, a married woman. It was of no use to the owner unless occupied or rented. Now a married woman may contract to repair her house or to do anything that will put it in a condition to make it rentable. We think it is a fair inference from the verdict in this case that the defendant, in order to rent the house to advantage, had to furnish it. Now to allow a woman owning property of this description to go to a furniture establishment or to a merchant and represent that she is the owner of a house and wants to furnish it so that she may rent it, and then permit her to come into court and say that she had no power to make such a purchase, would be allowing her to commit a fraud upon *5 the parties who trusted her, and would be a construction oí the law that we ought not to give to it.- Although the purchase of furniture may not strictly be said to be a contract relating to her separate estate, it would be a very narrow construction to allow the woman to defraud her creditors by keeping the furniture ; for to turn the creditors over to the husband, who would probably set up the defense that he was not bound, would be to deprive them of a remedy anywhere.
We, therefore, direct that a judgment for the amount found to be due the plaintiff on the special verdict be entered.